**STATE of Minnesota, Respondent,**

v.

**George Albert ATKINS, Appellant.**

**No. C2–82–1641.**

Supreme Court of Minnesota.

Oct. 12, 1984.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Foley, Ramsey County Atty., St. Paul, for respondent.

KELLEY, Justice.

■■■ Defendant was found guilty by a district court jury of aggravated robbery, Minn.Stat. § 609.245 (1982). The trial

---

court sentenced him to a prison term of 54 months, the then-presumptive sentence under section 609.11 and Minnesota Sentencing Guidelines and Commentary II.E. (1982). The trial court later reduced this, pursuant to *State v. Olson*, 325 N.W.2d 13 (Minn.1982), to 41 months, which is the normal presumptive sentence duration for aggravated robbery by a person with a criminal history score of two. On this appeal, defendant contends (1) that his conviction should be reversed outright because the state failed to prove that he knowingly and intentionally aided in the commission of the robbery or (2) that at least he should be given a new trial because the prosecutor committed prejudicial error in his closing argument. These contentions are without merit. The state's evidence included testimony by the clerk of the store that was robbed that defendant actively participated with the gunman in the robbery, evidence that defendant and the gunman fled the scene together, and evidence that when he was identified by the clerk a few minutes after the robbery, defendant made an incriminating statement in which he admitted participating in the robbery. We are satisfied that the claimed prejudicial error allegedly in the prosecutors closing argument was not plain error. Moreover, appellant's experienced defense counsel made no objection to the allegedly erroneous argument.

Affirmed.